# UNITED STATES DISTRICT COURT

for the

## WESTERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RALPH J. MOLINE, JR.,**

                                      **Civil No.: 1:20-cv-00127-LJV**

                  Plaintiff,                **AMENDED COMPLAINT**

vs.                                   **JURY TRIAL DEMANDED**

**UNITED STATES POSTAL SERVICE and**
**UNITED STATES OF AMERICA,**

                      Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The plaintiff, Ralph J. Moline, Jr., by and through his attorneys, The Dietrich Law Firm P.C., for his Complaint against the defendants, United States Postal Service and the United States of America, alleges upon information and belief:

### STATEMENT OF JURISDICTION, VENUE AND NATURE OF THE CASE

1.     This action arises out of acts, omissions, negligence, and/or recklessness of the United States Postal Service, a federal agency of the United States of America, located at 138 Delaware Avenue, Buffalo, New York 14202, within the Western District of New York. The basis of jurisdiction in Federal Court is that the United States Postal Service and the United States of America is/are a



**The Dietrich Law Firm P.C.**
1323 North Forest Road
Williamsville, New York 14221

party(ies) to the action as stated under the provisions of 39 U.S.C. § 409 and 28 U.S.C. § 1346.

2.     The Western District of New York is the proper venue for this action in that the plaintiff resides and/or the act or omission in question occurred in the 17 westernmost counties of New York State (28 U.S.C. § 1402(b)).

3.     The nature of this suit is a personal injury claim for damages suffered by the plaintiff, Ralph J. Moline, Jr. as a result of the negligence of the defendants, United States Postal Service and/or the United States of America regarding a motor vehicle collision that occurred on June 20, 2018 between the plaintiff and a United States Postal Service vehicle operated by the defendants' employee, agent and/or servant.

## PARTIES

4.     On June 20, 2018, the plaintiff, Ralph J. Moline, Jr., resided at 6724 Grissom Court, Derby, New York 14047, in the County of Erie, and the State of New York.

5.     The tortfeasor was the defendant, United States Postal Service a federal agency of the defendant the United States of America, hereinafter referred to collectively as "defendants," by and/or through its agents, servants and/or employees of the United States Postal Service located at 138 Delaware Avenue, Buffalo, New York 14202.

## STATEMENT OF FACTS

6.    At all times herein relevant, the plaintiff, Ralph J. Moline, Jr., has been a resident of the County of Erie and the State of New York.

7.    That upon information and belief, the United States Postal Service conducts regular, systematic and continuous business in the County of Erie and the State of New York with a Post Office located at 138 Delaware Avenue, Buffalo, New York 14202.

8.    At all times herein relevant, the defendant the United States Postal Service has been a federal agency of the defendant the United States of America.

9.    The claim herein arose on June 20, 2018 at approximately 3:08 p.m., on Route 5 (Lake Shore Road), at or near its intersection with Mt. Vernon Boulevard in the Town of Hamburg, the County of Erie and the State of New York.

10.    At all times herein mentioned, Route 5, at or near its intersection with Mt. Vernon Boulevard in the Town of Hamburg, the County of Erie and the State of New York, was and is a public state highway.

11.    On or about June 20, 2018 at approximately 3:08 p.m., the plaintiff Ralph J. Moline, Jr. was lawfully operating a 2017 Subaru bearing New York State license plate number GLN8759 on Route 5 eastbound at which time his vehicle was struck by a 1988 Grumman pulling out of 4481 Lake Shore Road attempting to turn west on Route 5 with an unknown license plate number, which was then operated by an individual named Carolyn S. Pataky causing the plaintiff Ralph J. Moline, Jr., to sustain serious physical injuries.

3

12.    That upon information and belief, Carolyn S. Pataky was at that time of the collision, an officer, agent, servant and/or employee of the United States Postal Service operating said 1988 Grumman in the course of her employment with the defendant the United States Postal Service.

13.    That upon information and belief, said 1988 Grumman, then operated by Carolyn S. Pataky was owned, operated, controlled, managed, allocated and/or maintained by the defendant the United States Postal Service.

14.    The defendants the United States Postal Service and/or the United States of America is/are responsible for the acts of the operator Carolyn S. Pataky as a result of New York State Vehicle and Traffic Law § 388 and under the doctrine of respondeat superior.

15.    The plaintiff Ralph J. Moline, Jr. was at all times exercising due care.

16.    Upon information and belief, the aforesaid collision and resulting injuries sustained by the plaintiff, Ralph J. Moline, Jr. were caused by the negligence, carelessness and recklessness of the defendants through its officers, agents, servants and/or employees at the United States Postal Service without negligence on the part of the plaintiff contributing thereto.

17.    Upon information and belief, the defendants were negligent, careless and/or reckless in that it failed to yield the right-of-way to the plaintiff, failed to see what was there to be seen; failed to be alert; failed to make a proper turn; failed to yield the right-of-way to the plaintiff's vehicle; failed to observe the plaintiff's vehicle; failed to take heed of the road conditions then and there prevailing; failed to

observe prudent and reasonable driving practices; failed to control their automobile; failed to take reasonable precautions to avoid the collision herein; and/or failed to warn the plaintiff herein of the resulting collision, which caused the plaintiff Ralph Moline, Jr. to suffer severe and serious personal injuries.

18.     As a result of the collision, the plaintiff, Ralph J. Moline, Jr., sustained serious, severe, and permanent physical injuries to his neck, back, and left hand, including but not limited to, cervical disc herniations and/or bulges and/or protrusions, lumbar disc herniations and/or bulges and/or protrusions necessitating a two-stage surgical intervention; post-surgical scarring to the posterior lumbar spine; residual lumbar spine pain with pain radiating to his bilateral lower extremities; restricted range of motion of the lumbar spine and the cervical spine; trigger finger of the left little finger which required surgical intervention to release; and, left hand pain with associated swelling.

19.     The plaintiff, Ralph J. Moline, Jr., suffered a serious injury as that term is defined by § 5102 of the Insurance Law of the State of New York.

20.     The plaintiff, Ralph J. Moline, Jr. has sustained economic loss greater than basic economic loss as that term is defined by § 5102 of the Insurance Law of the State of New York.

21.     The limitations on liability set forth in New York State CPLR Article 16 do not apply herein; one or more of the exemptions set forth in CPLR § 1602 applies.

## AS AND FOR A CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF RALPH J. MOLINE, JR. AGAINST THE DEFENDANTS UNITED STATES POSTAL SERVICE AND THE UNITED STATES OF AMERICA – NEGLIGENCE

22.     The plaintiff Ralph J. Moline, Jr. repeats and re-alleges the above paragraphs as if set forth in their entirety herein.

23.     The collision described in the above paragraphs occurred as a result of the defendants' negligence and/or recklessness without any negligence attributable in any measure to the plaintiff.

24.     The defendants the United States Postal Service and/or the United States of America is/are responsible for the acts of the operator Carolyn S. Pataky as a result of New York State Vehicle and Traffic Law § 388 and under the doctrine of respondeat superior.

25.     As a result of the negligence and/or recklessness of defendants, as alleged above, the plaintiff Ralph J. Moline, Jr. was injured and has suffered damages in the amount of $3,000,000.00 (Three-million dollars).

26.     By reason of the foregoing, as a direct and proximate result of said collision, the plaintiff, Ralph J. Moline, Jr., was compelled to seek medical care and treatment, undergo multiple surgeries, will require significant physical rehabilitation, and will in the future be compelled to seek medical care and treatment; was prevented from engaging in his usual activities; and, upon information and belief, will remain disabled as a result of the injuries sustained June 20, 2018, as set forth above.

27.     By reason of the foregoing, as a direct and proximate result of said collision, the plaintiff, Ralph J. Moline, Jr. has been incapacitated from pursuing his usual employment and other activities, may be left with disabilities that will in the future similarly incapacitate him and cause him pain and suffering, and may require further medical treatment.

28.     As a result of the foregoing, the plaintiff, Ralph J. Moline, Jr., has and will incur great expense in the procurement of medical attention.

29.     In the plaintiff's administrative claim, he had sought relief in the amount of $3,000,000.00 and reiterates the same herein.

30.     On or about February 13, 2020 the plaintiff's administrative claim was denied by the defendant United States Postal Service.

## DEMAND FOR A JURY TRIAL

31.     The plaintiff Ralph J. Moline, Jr. demands a jury trial as to all issues so triable as a matter or right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff demands judgment against the defendants, United States Postal Service and the United States of America, as follows:

1.  Actual, compensatory, and statutory damages in the sum of $3,000,000.00 for the plaintiff Ralph J. Moline, Jr., for past and future medical expenses, past and future lost wages and other economic loss, and past and future pain and suffering;

2.  Pre and post-judgment interest as allowed by law;

3. Injunctive relief;

4. An award of attorneys' fees as allowed by law;

5. An award of taxable costs; and

6. Any and all such further relief as this Court deems just and proper.

DATED:  February 19, 2020

<div style="margin-left:40%">

Yours, etc.,

**THE DIETRICH LAW FIRM** P.C.

Nicholas J. Shemik, Esq.
Attorneys for Plaintiff
1323 North Forest Road
Williamsville, New York 14221
(716) 839-3939

</div>